IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **SHYRICKA SCALES, KENCHARRIES SCALE,** and **IVARY SCALES**<br>*Plaintiffs*<br><br>v.<br><br>**MINA AWAD,** *individual capacity*,<br>**MARK ANDERSON***, individual capacity*,<br>And<br>**RUTHERFORD COUNTY, TENNESSEE**<br>*Defendants*. | CASE NO.<br><br>Jury Demand |

## COMPLAINT

Comes now Shyricka Scales, Ivary Scales and Kencharries Scales represented by attorneys BRAZIL CLARK, PLLC, and for their complaint would show:

### PRELIMINARY STATEMENT

1. This is a claim for relief pursuant to 42 U.S.C. §1983 for False Arrest in violation the Fourth Amendment to the United States Constitution and Unlawful Search and Seizure in violation of the Fourth Amendment to the United States Constitution, made applicable to the State of Tennessee and those acting under color of state law by the Fourteenth Amendment to the United States Constitution.

### JURISDICTION

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because this civil action is brought for the redress of deprivations of constitutional rights protected by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

## VENUE

3. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because the Defendants reside in this judicial district.

## PARTIES

4. Plaintiff Shyricka Scales (hereinafter "Ms. Scales") is a longtime resident of Davidson County Tennessee. She is the daughter of Ivary Scales and sister to Kencharries Scales.

5. Plaintiff Ivary Scales (hereinafter "Mrs. Scales") is a longtime resident of Davidson County Tennessee. She is the mother of Shyricka Scales and Kencharries Scales.

6. Plaintiff Kencharries Scales (hereinafter "Mr. Scales") is a longtime resident of Davidson County Tennessee. He is the son of Ivary Scales and brother to Shyricka Scales.

7. Defendant Mina Awad, (hereinafter referred to as "Deputy Awad") is a Deputy of the Rutherford County Sherriff's Department. Deputy Awad is being sued in his individual capacity.

8. Defendant Mark Anderson, (hereinafter referred to as "Deputy Anderson") is a Deputy of the Rutherford County Sherriff's Department. Deputy Anderson is being sued in his individual capacity.

9. Defendant Rutherford County is a political subdivision of the State of Tennessee.

## FACTS

10. On the morning of March 14th, 2023, Mrs. Ivary Scales received a phone call from Rutherford County Sherriff's deputies asking if they could perform a search of her apartment located at 3940 Bell Road, Apt. 1625, Hermitage TN 37076, Davidson County Tennessee.

11. Mrs. Scales told deputies that she was not at her residence, that her minor children were currently there, and she did not consent to a search of her residence.

12. At approximately 4:00 p.m. on March 14th, 2023, Ms. Shyricka Scales was visiting her mother's residence.

13. Ms. Scales went into the residence to pick up some of her personal belongings and returned to her car.

14. As Ms. Scales exited the apartment complex, Rutherford County Sheriff's Department Deputies pulled over her vehicle.

15. Upon information and belief, Deputy Mark Anderson organized and directed a Rutherford County Sherriff's Department operation for the purpose of searching and seizing the Plaintiffs and their property on March 14, 2023, without a valid search warrant and without the consent of Plaintiffs.

16. At the time Ms. Scales was pulled over, she was obeying all traffic laws.

17. At the time Ms. Scales was pulled over, no facts or circumstances existed that could provide a reasonable suspicion of criminal activity.

18. At the time Ms. Scales was pulled over, no facts or circumstances existed which could provide probable cause to conduct a search or seizure of Ms. Scales or her vehicle.

19. At the time Ms. Scales was pulled over, the deputies did not have a warrant to search or seize Ms. Scales or her vehicle.

20. At the inception of the traffic stop on Ms. Scales' vehicle, Deputies of Rutherford County Sherriff's Department, including Deputy Anderson and Deputy Awad, ordered Ms. Scales to let Officers into her mother's residence.

21. Ms. Scales refused, stating that she did not live at the apartment and did not have the authority to consent to allow officers to search the apartment.

22. Deputies, including Deputy Anderson and Deputy Awad, repeatedly ordered Ms. Scales to walk them to her mother's apartment and let them in to conduct a search. When Ms. Scales repeatedly refused, the deputies threatened to take her to jail for not allowing them into the apartment to conduct a search.

23. Ms. Scales pulled out her cell phone to call her attorney. One deputy confiscated Ms. Scales' cell phone and put it in his pocket.

24. In imminent fear of being jailed, Ms. Scales complied with the deputies' demands, walked them to her mother's apartment and opened the front door.

25. Ms. Scales informed officers, upon opening the door, that she did not consent to a search of her Mother's apartment.

26. Ivary Scales was not present when the officers entered the residence.

27. Present within the residence were three minor children, ages 12, 14, and 15, and Kencharries Scales, age 20, son of Ivary Scales and brother of Shyricka Scales.

28. Rutherford County Sherriff's Deputies, including Deputy Anderson and Deputy Awad, ordered the minor children and Mr. Kencharries Scales to leave the apartment and stand outside while deputies conducted a search.

29. Ms. Scales asked the deputies for a search warrant. The deputies stated that they did not need to show her a search warrant.

30. Deputies, at the direction of Deputy Anderson and Deputy Awad, instructed Ms. Scales that she was not free to leave during the search of her mother's apartment.

31. The deputies confiscated all the minor children's cell phones.

32. The deputies eventually allowed the minor children back inside the apartment to remain on the couch while they conducted a search of the apartment. Deputies told the minor children they were not allowed to go anywhere and had to remain on the couch.

33. Kencharries Scales informed Deputies that they could not search the residence of his mother and did not consent to a bodily search.

34. Deputies placed Kencharries Scales in handcuffs outside of the apartment and ordered him not to move.

35. Deputies informed Ms. Scales that she could not leave the premises and that she was detained for the duration of the search of the apartment.

36. Ms. Scales told Deputies that she did not live at the apartment and that she was going to leave.

37. Deputies asked Ms. Scales if they had her consent to search her vehicle. Ms. Scales refused consent to the search.

38. Deputies informed Ms. Scales that she could consent to a search or they would get a search warrant. Ms. Scales denied consent to search and told the Deputies to get a search warrant.

39. Without Ms. Scales consent, Deputies then grabbed Ms. Scales' car keys from out of her hands and ran to her vehicle without her consent to search. Ms. Scales attempted to run after deputies but was blocked by a male officer.

40. Ms. Scales was pushed by a male deputy to prevent her from going near her vehicle as other deputies searched her vehicle without her consent and without a search warrant at the direction of Deputies Awad and Anderson.

41. Deputies found a firearm, unloaded and in a locked case, in Ms. Scales vehicle, along with candy.

42. Deputies asked Ms. Scales about the firearm. Ms. Scales stated she wanted to talk to her attorney. Deputies denied Ms. Scales the opportunity to talk with her attorney.

43. Deputies ended the search just after 7:30 p.m.

44. No illegal drugs were found during the searches.

45. The officers did not have a warrant when they pulled over Ms. Scales or when they commenced the search of the residence and the seizures of its occupants.

46. At the end of the search, Deputies placed a search warrant on the dining room table.

47. The search warrant was sworn by Deputy Awad and was dated 3/14/2023 at 7:31 p.m. **Exhibit 1.**

48. Upon information and belief, Deputies Mark Anderson and Mina Awad directed the actions of the law enforcement officers who participated in the searches and seizures of the Plaintiffs, the apartment of Mrs. Ivary Scales and the vehicle of Ms. Shyricka Scales.

49. Upon information and belief, Deputies Mark Anderson and Mina Awad authorized, encouraged, and approved the searches and seizures conducted against Plaintiffs and their property on March 14, 2023.

50. Deputies Mark Anderson and Mina Awad authorized and approved the manner in which the searches and seizures were performed against the Plaintiffs and their property on March 14, 2023.

51. Since the incident on March 14, 2023, each Plaintiff suffers from fear and anxiety as a result of the wrongful acts and omissions of defendants.

**FIRST CLAIM FOR RELIEF**
**Violation of the Fourth Amendment – Unlawful Detention**
**(42 U.S.C. § 1983)**
**(Plaintiff Kencharries Scales)**

52. Plaintiffs repeat and reallege paragraphs 1 through 51, as if fully set forth herein.

53. On March 24, 2023, Deputies handcuffed and detained Mr. Kencharries Scales during the warrantless search of the Bell Road residence for approximately two (2) hours.

54. Deputies who seized Mr. Scales did so at the direction of Deputy Mark Anderson and Mina Awad.

55. Deputies Anderson and Awad knew or reasonably should have known that his actions in directing Mr. Scales' seizure were unsupported by probable cause.

56. The search warrant procured by Deputy Awad was procured after the searches and seizures had commenced and did not provide any basis upon to support the detention of Mr. Scales.

57. The officer's search of the Bell Road residence did not provide any evidence or indica of a crime by Mr. Scales.

58. Deputies intended to and did confine Mr. Scales without his consent on March 14, 2023.

59. The unlawful detention of Mr. Scales occurred during the execution of an unlawful search; therefore, Deputies did not have any justifiable reasons for detaining Mr. Scales during the execution of the warrantless search.

**SECOND CLAIM FOR RELIEF**
**Violation of the Fourth Amendment – Warrantless Search**
**(42 U.S.C. § 1983)**

**(Plaintiff Ivary Scales)**

60. Plaintiffs repeat and reallege paragraphs 1 through 51, as if fully set forth herein.

61. On March 14, 2023, Deputy Anderson and Deputy Awad directed and conducted a warrantless search of the apartment of Mrs. Scales. Deputy Anderson and Deputy Awad knew that they did not have the consent of Mrs. Scales or any other resident of the apartment to conduct the warrantless search.

62. Upon information and belief, Mrs. Scales directly informed Deputy Anderson on the phone that he did not have her consent to search her apartment.

63. No other occupants of the apartment gave Deputies consent to search the apartment.

64. No exigent circumstances existed to allow the warrantless search of the residence by Deputy Anderson and Deputy Awad.

65. Deputy Anderson and Deputy Awad knew or should have known that they lacked probable cause for directing a warrantless search of the Bell Road Residence.

66. The search of the Bell Road residence violated the Plaintiff's rights to be free from unreasonable searches and seizures.

67. Deputy Anderson and Deputy Awad were acting under color of law when they conducted the warrantless search of Mrs. Scales' home.

68. Deputy Awad did not obtain a judicially authorized search warrant after the search of the residence was completed.

69. The search warrant was signed by the Magistrate and issued after deputies had completed the search of the residence.

70. Deputy Anderson and Deputy Awad knew or should have known that they had no legal basis to conduct the searches and seizures of the Plaintiffs or the residence.

**THIRD CLAIM FOR RELIEF**
**Violation of the Fourth Amendment – Unlawful Detention**
**(42 U.S.C. § 1983)**
**(Plaintiff Shyricka Scales)**

71. Plaintiffs repeat and reallege paragraphs 1 through 51, as if fully set forth herein.

72. On March 14, 2023, Rutherford County Sherriff Deputies falsely detained Ms. Shyricka Scales at the direction of Deputy Anderson and Deputy Awad.

73. Deputies Anderson and Awad knew or reasonably should have known that their actions in directing and effecting Ms. Scales' seizure were unsupported by reasonable suspicion or probable cause.

74. At the time the deputies stopped Ms. Scales' vehicle, Ms. Scales was obeying all traffic laws and no facts or circumstances existed that could provide reasonable suspicion of criminal activity.

75. At the time deputies stopped Ms. Scales' vehicle, no facts or circumstances existed which could provide probable cause to detain Ms. Scales.

76. Ms. Scales reasonably believed that she was not free to leave due to deputies show of force and verbal commands instructing her not to leave the Bell Road residence.

77. The deputies' search of the Bell Road residence did not provide any evidence or indica of a crime by Ms. Scales to justify her detention.

78. Deputies Awad and Anderson knew or should have known that they lacked probable cause for these actions.

79. Deputies Awad and Anderson intended to and seized Ms. Scales without her consent on March 14, 2023.

80. The unlawful detention of Ms. Scales occurred during the execution of an unlawful search; therefore, Deputies did not have any justifiable reasons for detaining Ms. Scales during the execution of the warrantless search.

### FOURTH CLAIM FOR RELIEF
### Violation of the Fourth Amendment – Unlawful Search (42 U.S.C. § 1983)
### (Plaintiff Shyricka Scales)

81. Plaintiffs repeat and reallege paragraphs 1 through 51, as if fully set forth herein.

82. On March 14, 2023, officers conducted a warrantless search of the car of Ms. Shyricka Scales.

83. Deputies who searched the vehicle of Ms. Scales did so at the direction of Deputies Awad and Anderson.

84. Deputies Awad and Anderson knew or reasonably should have known that their actions in directing the search of Ms. Scales' vehicle were unsupported by probable cause.

85. At the time the deputies stopped Ms. Scales' vehicle, Ms. Scales was obeying all traffic laws and no facts or circumstances existed that could provide reasonable suspicion of criminal activity to warrant a search of her vehicle.

86. At the time deputies stopped Ms. Scales' vehicle, no facts or circumstances existed which could provide probable cause to search Ms. Scales' vehicle.

87. The search warrant issued by Deputy Awad did not provide any basis upon to support the search of Ms. Scales' vehicle.

88. The officer's search of the Bell Road residence did not provide any evidence or indica of a crime by Ms. Scales to warrant the subsequent search of Ms. Scales' vehicle.

89. Deputy Awad and Deputy Anderson did not have the consent of Ms. Scales to direct a warrantless search of her vehicle.

90. Deputy Awad and Deputy Anderson knew or should have known that they lacked probable cause for any of these actions.

91. Deputy Awad and Deputy Anderson were acting under color of law when they conducted the warrantless search of Ms. Scales car.

### FIFTH CLAIM FOR RELIEF
### County Liability for Sheriff's Deputy Misconduct
### (Tenn. Code Ann. § 8-8-302)
### Defendant Rutherford County

92. Plaintiffs repeat and reallege paragraphs 1 through 51, as if fully set forth herein.

93. Under Tennessee state law, Rutherford County is vicariously liable for the misconduct of its Sheriff's deputies for their actions within the scope of their employment Tenn. Code Ann. § 8-8-302.

94. Deputy Anderson and Deputy Awad were acting as a deputies of the Rutherford County Sheriff's Department when they violated Plaintiffs rights to be free from unreasonable searches and seizures.

95. Defendant Rutherford County is vicariously liable for any judgement against Defendant's Mark Anderson and Mina Awad up to the amount of the County Sheriff's bond. Tenn. Code Ann. § 8-8-303(a).

## DAMAGES

96. As a result of each and every of the Defendant's acts above alleged, the Plaintiffs have suffered damages, including:

    a. Emotional distress;

    b. Deprivation of constitutionally protected liberty interests;

    c. Humiliation and damage to reputation;

    d. Attorney's Fees;

    e. Loss of enjoyment of life;

97. Because the actions described herein reflect evil motive and intent or a reckless indifference to the federally protected rights of the Plaintiffs, an award of punitive damages is appropriate and necessary to deter similar wrongdoing by this defendant and others similarly situated.

WHEREFORE, the Plaintiff requests:

I. That a jury be empaneled to try this case;

II. A declaratory judgment that Defendant's conduct violated Plaintiff's' protected constitutional rights;

III. Compensatory damages;

IV. Punitive damages;

V. Reasonable attorney's fees and litigation expenses;

VI. Pre- and post-judgment interest;

VII. Such other and general relief as the court deems just.


Respectfully submitted,

**/s/ Sarah Mansfield**
Sarah Mansfield #39476
Wesley Clark, #32611
BRAZIL CLARK, PLLC
2901 Dobbs Avenue
Nashville, TN 37211
615-730-8619
615-514-9674 (fax)
wesley@brazilclark.com
sarah@brazilclark.com